**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,                                   Case No. 13-mc-51043
                                                Honorable Denise Page Hood

v.

HELPING HAND HOME HEALTH CARE CORP.,

    Respondent.
_____/

**ORDER DENYING MOTION TO ALTER JUDGMENT,**
**FOR RECONSIDERATION, AND STAY**
**and**
**ORDER GRANTING MOTION TO STRIKE**

This matter is before the Court on Respondent Helping Hand Home Health Care Corporation's Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e), for Reconsideration Pursuant to L.R. 7.1(h), and to Stay Enforcement of Court's August 6, 2014 Order Pending Disposition of Motion to Alter Judgment and for Reconsideration filed August 19, 2014. On August 6, 2014, the Court entered an Order Regarding Order to Show Cause Why the Subpoena Should Not Be Enforced issued by Plaintiff Equal Employment Opportunity Commission's to Helping Hand. (Doc. No. 11) The Court considers the motion under Local Rule 7.1(h) since there was no judgment entered as required under Fed. R. Civ. P. 59(e).

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Helping Hand's motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Helping Hand raises the same arguments previously presented to the Court as to jurisdiction, exhaustion and the EEOC's status relating to the subpoena it issued to Helping Hand. The Court addressed these issues in its order. The Court finds that Helping Hand is re-hashing the same arguments made in its previous submissions to

2

the Court. Helping Hand has not demonstrated a palpable defect by which the Court was misled.

The Court, having issued its ruling without considering the EEOC's response, Helping Hand's Motion to Strike the EEOC's response to its Motion to Alter Judgment/Reconsideration is granted.

Accordingly,

IT IS ORDERED that Respondent Helping Hand Home Health Care Corporation's Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e), for Reconsideration Pursuant to L.R. 7.1(h), and to Stay Enforcement of Court's August 6, 2014 Order Pending Disposition of Motion to Alter Judgment and for Reconsideration **(Doc. No. 12)** is DENIED.

IT IS FURTHER ORDERED that Respondent Helping Hand Home Health Care Corporation's Motion to Strike EEOC's Response **(Doc. No. 14)** is GRANTED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 20, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager